UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BETTY HENRY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 03-CV-0711-CVE-SAJ** |
| | ) | |
| THE PRINCIPAL LIFE INSURANCE, | ) | |
| COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Reconsideration and Brief in Support (Dkt. # 61). Plaintiff asks the Court to reconsider its order (Dkt. # 58) remanding the case to the plan administrator for further proceedings to determine whether plaintiff was insured by Principal Life Insurance Co. ("Principal") for long term disability benefits. Principal responds that plaintiff has not stated grounds for reconsideration under Fed. R. Civ. P. 59(e) and her motion should be denied.

## I.

Plaintiff was employed by Homeward Bound Review Panel and requested short and long term disability benefits through her employer's group policy with Principal.[1] On April 23, 2002, plaintiff filed a claim for disability benefits with Principal. She stated that abdominal, back, and heart pain prevented her from performing her job and that she was unable to return to work after April 10, 2002. Initially, Principal agreed to pay short term disability benefits through July 31, 2002, but requested additional information to consider her claim for continuing benefits. On

---

[1] The parties dispute whether plaintiff was ever covered for long term disability benefits, which is the basis for the Court's order remanding the case to the plan administrator.

October 15, Principal denied plaintiff's request for short or long term benefits dating after October 10, 2002. Plaintiff challenged this decision and Principal requested that plaintiff provide additional medical records to support her claim. On August 26, 2003, Principal informed plaintiff that it would pay her short term disability benefits through exhaustion and pay long term disability benefits through December 27, 2002.

Plaintiff disagreed with Principal's benefits decision and filed an ERISA claim on the same day she received notice of Principal's decision. On April 1, 2004, Principal reviewed plaintiff's file and determined that she was never covered for long term disability benefits to discontinue benefits. The Court reviewed the briefs filed by both parties and determined that any information in the administrative record dated after August 26, 2003 should not be part of the administrative record. However, the issue of insurance coverage was central to the Court's review of Principal's benefits decision, and given the lack of information in the administrative record, the Court remanded the case to the plan administrator for further proceedings on the issue of long term disability coverage. Plaintiff filed a motion asking the Court to reconsider its order, stating that remand was unnecessary because Principal's decision to deny benefits could not be supported on any grounds.

## II.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion was filed within 10 days of the Court's order dismissing her case, so the Court will treat it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Allender v.

Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006).  The Tenth Circuit has stated that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  In a Rule 59(e) motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  Id.

### III.

The Court previously entered an order remanding plaintiff's ERISA claim to the plan administrator for further administrative proceedings.  The administrative record did not contain sufficient evidence for the Court to rule on Principal's claim that plaintiff was never insured for long term disability insurance.  If Principal was correct that plaintiff did not formally request long term disability insurance, there would be no reason for the Court to review Principal's underlying decision to discontinue long term disability benefits.  Therefore, the Court remanded the case to Principal for further consideration of this issue, to allow plaintiff a full opportunity to present her arguments to Principal and to create an adequate administrative record if plaintiff wishes to refile her ERISA claim.  Plaintiff presents two arguments in her motion for reconsideration: (1) Principal's decision to terminate plaintiff's long term disability benefits is clearly arbitrary and capricious, and remand of plaintiff's claim is unnecessary; and (2) on remand, the Court should limit the scope and time for administrative review of plaintiff's claim.

### A.

Plaintiff claims that Principal's actions were so clearly arbitrary and capricious that remand is unnecessary.  The Tenth Circuit does allow district court to forego remand in limited

circumstances, but only when "the evidence clearly shows that the administrator's actions were arbitrary and capricious, or 'the case is so clear cut that it would be unreasonable for the plan administrator to deny the application on any ground.'" Caldwell v. Life Ins. Co. of North America, 287 F.3d 1276, 1289 (10th Cir. 2002) (citing Gallo v. Amoco Corp., 102 F.3d 918, 923 (7th Cir. 1996)); see also King v. Hartford Life & Accident Ins. Co., 414 F.3d 994, 1005 (8th Cir. 2005) ("In particular, when an administrator abandons in litigation its original basis for denying benefits, the better course generally is to return the case to the administrator, rather than to conduct *de novo* review under a plan interpretation offered for the first time in litigation"); Miller v. United Welfare Fund, 72 F.3d 1066, 1074 (2d Cir. 1995) (remanding case to plan administrator because incomplete administrative record precluded review of plan's decision to deny benefits); Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.2d 154, 159 (4th Cir. 1993) ("Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's noncompliance, the proper course of action for the court is to remand to the plan administrator for a 'full and fair review.'"). The Court considered this same issue in its previous order and ruled that this case was not so clear cut that remand is unnecessary.

Plaintiff has not asserted that new evidence or a change in intervening law requires the Court to reconsider its decision, but instead, plaintiff claims that the Court's order will result in manifest injustice. See Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992). The Court does not find that its order will result in manifest injustice, because plaintiff has not presented evidence sufficient to prove that remand would be futile. The case law is clear that, in cases where the administrative record is inadequate, remand is the preferred course of conduct. In

4

the leading Tenth Circuit case on the issue, that court ordered the district court to remand the case to the plan administrator, because disputed issues of fact precluded a ruling based on the administrative record.  See Caldwell, 287 F.3d at 1289.   In this case, the parties dispute the existence of long term disability coverage and offer conflicting legal and factual arguments that can not be resolved based on the administrative record.  Plaintiff has not presented any objective evidence that Principal's decision to deny benefits was so clear cut that there would be no ground for denial.  The Court denies plaintiff's motion to reconsider on this issue, as there would be an obvious benefit to remanding the case to correct shortcomings in the administrative record and plaintiff's entitlement to benefits is not so clear cut that remand would be futile.

## B.

Plaintiff requests that the Court require Principal to conduct an expedited administrative review on the issue of her long term disability coverage.  Plaintiff does not offer any case law to support her request for expedited review or for limitations on the review process.  The Court has already limited remand to the issue of insurance coverage, and has not ordered a full administrative review of Principal's decision to deny plaintiff continuing benefits.  Under 29 U.S.C. § 1133(2), the plan is required to conduct a "full and fair review" after a denial of benefits, and the Secretary of Labor has promulgated regulations that provide a detailed list of a claimant's procedural rights during the review process.  See 29 C.F.R. § 2560.503-1; Tolle v. Carroll Touch, Inc., 23 F.3d 174, 180 (7th Cir. 1994).  These regulations prevent a plan administrator from conducting open-ended review of claims and specify time periods that must be followed when a claimant appeals or asks for reconsideration of a benefits decision.  See Estate of Bratton v. Nat. Union Fire Ins. Co., 215 F.3d 516, 523 (5th Cir. 2000).  There is no statutory or common law that  grants this Court authority

5

to control the manner of review on remand, and plaintiff's request for an expedited time frame for review is denied.

The sole issue on remand is whether plaintiff was insured for long term disability benefits. Principal must offer the plaintiff the full range of administrative procedures available under its plan, and plaintiff must exhaust whatever remedies are available on this issue.  Whitehead v. Oklahoma Gas & Electric Co., 187 F.3d 1184, 1190 (10th Cir. 1999); McGraw v. Prudential Ins. Co. of America, 137 F.3d 1253, 1263 (10th Cir. 1998).  The Court's order did not impose a specific burden on either party, except to follow the procedural requirements of ERISA and prepare a complete administrative record on the existence of insurance coverage.  Plaintiff has no cause for concern that the Court's previous order was unclear or that she will be denied any rights owed to her under ERISA.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration and Brief in Support (Dkt. # 61) is **denied**.

**DATED** this 12th day of July, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT